Argued May 3, remanded July 5, 1977

# REYNOLDS SCHOOL DISTRICT NO. 7, *Petitioner,*
*v.*
# MARTIN et al, *Respondents.*
## (CA 7137)

566 P2d 196

Jonathan A. Ater, Portland, argued the cause for petitioner. With him on the brief was Lindsay, Nahstoll, Hart & Krause, Portland.

Joseph Wetzel, Portland, argued the cause and filed the brief for respondent Allan R. Martin.

No appearance for respondent Fair Dismissal Appeals Board.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

This is on review of an order of the Fair Dismissal Appeals Board (FDAB) setting aside the reassignment of respondent Martin from his position as a school principal to a teaching position. Having been on the job for over three years, he is tenured and is entitled to the protection of the Fair Dismissal Law, ORS 342.805 to 342.930.

The statutory ground for the reassignment is "inadequate performance," ORS 342.865(1)(g). The particulars were set out by the employer in a letter to Martin:

"1. Mr. Martin failed to provide leadership and assume responsibility for implementing district directives. Board Policy 7.10.1.7 (Duties and Responsibilities of Principals) states in part 'In a principal's own school area the school employees and patrons see district unity and policy implementation as the principal expresses them. School administrators are an integral part of the district administration and must so react.' Comments coming back to the central office indicate that Mr. Martin has not fulfilled that role as required of administrators. In confrontation situations he indicates that his decisions must be made because he was so ordered by the Board or central administration or he uses this argument to control situations. He has demonstrated either an unwillingness or an inability to fairly represent the total administrative effort of the district.

"2. Mr. Martin has not established positive staff relations. Requests for transfers from the Troutdale School due to inability to work effectively with the principal continue. There were four such requests last year, two this year, plus others alluded to in the COSA report. This is an undue number of requests for transfers considering the fact that there have been no similar requests from the other twelve schools in the district. Conversely there has been a demonstrated reluctance on the part of district staff members to accept staff assignments to the Troutdale School for similar reasons.

"3. Mr. Martin has not demonstrated an ability to work effectively with all parents. The number of direct

complaints and the observance of open hostility to a building administrator is unique to this school."

Martin appealed the reassignment to the FDAB which held an extensive evidentiary hearing. The school district presented evidence of both qualities and deficiencies as stated in periodic performance evaluations and two special evaluations generated by complaints. Administrators, teachers and parents called by the district testified to acts of noncompliance or openly grudging compliance with district policies. The district's evidence indicated that Martin's relationship with parents and faculty had deteriorated from the good state which had previously existed in the school to a state worse than that experienced in any other school in the district. Those relations were manifested, according to the district's evidence, by disaffection, frustration, hostility, polarization and, particularly regarding employe relations, unusual personnel turnover and difficulty in hiring, all caused by Martin's inability to function as an effective principal.

Martin produced several witnesses who testified to his excellent administrative accomplishments. His evidence also indicated that many teachers found him a supportive leader and many parents felt that he was doing outstanding work which merited their support and his retention as principal.

■ The school district complains first that the order is insufficient for review and we agree. The substantive portion of the report (order) of the FDAB, in its entirety, states:

"This panel of the Fair Dismissal Appeals Board after due consideration of all material evidence including exhibits received at the hearing on August 25, 26, 27, 1976, in Gresham, Oregon, on this 27th day of August, 1976, does hereby find that allegations relied on to support the recommendation of the district superintendent are not true and proof is not adequate to justify the statutory grounds cited as reasons for dismissal (ORS 342.905(5)) and the panel finds as findings of fact

and conclusions of law (ORS 183.470) that the following allegations pertaining to inadequacy were not proved:

1. Failure (of petitioner) to provide proper leadership and to assume responsibility for district directives,

2. an unacceptably large degree and extent of conflict and devisiveness in his relations with staff,

3. an unacceptably large degree and extent of conflict and devisiveness in working with parents,

and panel finds in favor of the petitioner Allan R. Martin and against Reynolds School District No. 7, and orders that petitioner be reinstated to a position equivalent to that from which petitioner had received letters of dismissal, and at a salary that he would have received at, the Troutdale school if there had been no attempt to dismiss him."

The issue in this case is whether the order meets the requirements of ORS 183.470:

"Every order adverse to a party to the proceeding, rendered by an agency in a contested case, shall be in writing or stated in the record, may be accompanied by an opinion, and a final order shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the underlying fact supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order."[1]

In order that we may fulfill our function of review, we have construed ORS 183.470 to require an explicit statement of the facts found to be true, the principles

---

[1] In implementation of ORS 183.470, the FDAB has adopted its Rule 3.005(1) which provides:

"1. Final orders shall be in writing and include the following:

"(a) Rulings on admissibility of offered evidence.

(b) Findings of fact—those matters which are either agreed as fact or which, when disputed, are determined by the factfinder, on substantial evidence, to be a fact over contentions to the contrary.

(c) Ultimate facts.

(d) Conclusion(s) of law—applications of the controlling law to the facts found and the legal results arising therefrom.

(e) Order—the action taken by the panel as a result of the findings of fact and conclusions of law."

of law which control the decision, and the rational relationship between the facts and conclusions, *McCann v. OLCC,* 27 Or App 487, 492-95, 556 P2d 973 (1976), *rev den* (1977), *Home Plate, Inc. v. OLCC,* 20 Or App 188, 190-91, 530 P2d 862 (1975).

■ The order at bar allows us to review neither for substantial evidence nor substantial reason. We cannot tell from the summary conclusion that allegations were not proved whether all or any of the district's evidence was believed or, if believed, whether it was insufficient as a matter of law to prove the statutory standard of "inadequate performance," however the agency may define it in this factual context. If the latter, then our comments in *McCann* and *Home Plate* are equally true here: the more general the statutory standard is, the more explicit the agency of delegation must be in the reasoning which underlies its application. We therefore remand this case to the FDAB for the entry of an order which is sufficient for review.

Remanded.