Argued December 15, 1978, reversed and remanded March 5,
reconsideration denied April 16, review denied July 31, 1979

# LINCOLN COUNTY SCHOOL DISTRICT, *Petitioner,*
## *v.*
## MAYER, et al, *Respondents,*

### (CA 118940)
591 P2d 755

Fred A. Yeck, Newport, argued the cause for petitioner. With him on the brief was Minor, Yeck & Beeson, P.C., Newport.

Edward P. Heid, Eugene, argued the cause for respondent Robert L. Mayer. With him on the brief was Kulongoski, Heid, Durham & Drummonds, Eugene.

No appearance for Fair Dismissal Appeals Board.

Edward C. Harms, Jr., and Harms, Harold & Leahy, Springfield, filed a brief amicus curiae for Oregon School Boards Association.

Mark C. McClanahan, Graham M. Hicks, and Miller, Anderson, Nash, Yerke & Wiener, Portland, filed a brief amicus curiae for School District No. 1 and School District No. 48.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Lincoln County School District (petitioner) seeks judicial review of an order of respondent Fair Dismissal Appeals Board (FDAB) setting aside the petitioner's dismissal of respondent Robert L. Mayer as a permanent teacher and further ordering his reinstatement.

Mr. Mayer was employed as an elementary teacher by petitioner from 1962 until his dismissal in the spring of 1977. He taught at Oceanlake Elementary School until the fall of 1972, when he was transferred to Waldport Elementary School where he taught until his dismissal. During that entire period of time, there were numerous complaints concerning Mr. Mayer's performance and behavior as a teacher, and in October of 1976, his school principal and the area director for petitioner met with Mr. Mayer for several hours to discuss their concerns and to give him certain written performance goals, at which time he was advised that failure to meet any of the goals would constitute failure to meet his teaching obligation and would be the basis for his dismissal.

Problems continued, and on May 23, 1977, a notice of dismissal was served on Mr. Mayer, pursuant to ORS 342.895, in which petitioner assigned as statutory grounds for dismissal (ORS 342.865(1)), inefficiency, insubordination, neglect of duty and inadequate performance. The notice contained a statement of facts, in accordance with ORS 342.895,[1] setting forth

---

[1] ORS 342.895 provides:

"(1) Authority to dismiss a permanent teacher is vested in the district school board subject to the provisions of the fair dismissal procedures of ORS 342.805 to 342.955 and only after recommendation of the dismissal is given to the district school board by the superintendent.

"(2) At least 20 days before recommending to a board the dismissal of the permanent teacher, the district superintendent shall give written notice to the permanent teacher by certified mail of his intention to make a recommendation to dismiss the teacher. The notice shall set forth the statutory grounds upon which the superintendent believes such dismissal is justified, and shall contain a plain and

the reasons supporting the statutory grounds, together with detailed facts relating to those reasons. At the conclusion of the hearing before the FDAB, that board found generally that the facts charged were true and substantiated. In addition to the general finding, the FDAB specifically mentioned some of the facts, which are set forth in the margin.[2]

concise statement of the facts relied on to support the statutory grounds for dismissal. If the statutory grounds specified are those specified in paragraph (a), (c), (d), (g) or (h) of subsection (1) of ORS 342.865, then evidence shall be limited to those allegations supported by statements in the personnel file of the teacher on the date of the notice to recommend dismissal, maintained as required in ORS 342.850. Notice shall also be sent to the district school board and to the Fair Dismissal Appeals Board. A copy of ORS 342.805 to 342.955 shall also be sent to the permanent teacher.

"(3) If, after the 20-day notice required by subsection (2) of this section, the district school board takes action to approve the recommendation for dismissal from the superintendent, the dismissal takes effect on or after the date of the district school board's action, as specified by the board. Notice of the board's action shall be given to the permanent teacher as soon as practicable by certified mail, return receipt requested or in the manner provided by law for the service of a summons in a civil action."

[2]—Two incidents of corporal punishment administered by Mr. Mayer during 1975/76 school year with the use of a yardstick or ruler were in violation of school district policy.

—Mr. Mayer did not always grade student papers that were required by him to be prepared and submitted by students.

—Some students did not understand or obtain clear lesson assignments.

—There was a degree of excessive noise in Mr. Mayer's classroom at times.

—Mr. Mayer failed to properly budget his time in scheduling parent-teacher conferences.

—Mr. Mayer habitually talked in a loud voice (it sounded like he yelled a lot), and the noise level in the classroom did bother some students.

—Mr. Mayer had some communication problems with parents, frequently changing the subject and failing to satisfactorily address the problem for which the meeting was called.

—Mr. Mayer did not always exercise good judgment in talking to parents in parent-teacher conferences while other parents were in hearing range.

—Mr. Mayer was frequently late in reporting for work and this continued throughout his tenure at Waldport Elementary School. Because

The FDAB concluded, however, that the facts relied upon by the petitioner, although true and substantiated, did not justify the statutory grounds for dismissal. It appears from the Ultimate Findings and

Mr. Mayer was frequently not at the school at 8:00 a.m. and not in his classroom at 8:20 a.m., it was necessary on occasion for the principal or other teachers to go to his classroom to quiet students. This was a breach of his duty toward the school.

— Students ate their hot lunches in the classroom, and sometimes gave food that they did not want to the teacher so that they could get additional helpings of bread through the school lunch program; the rule being that they could not obtain additional food unless they had eaten all of the food on their trays. This represented poor judgment on the teacher's part and contributed to a lower level of discipline in the classroom.

—There were parent complaints about Mr. Mayer's teaching practices, mostly dealing with failure to grade papers, noise level in the classroom and disciplinary problems with students.

—Mr. Mayer was also late to work during his employment at Oceanlake Grade School.

—There was a substantial number of parents who requested that their children not be placed in Mr. Mayer's classroom at the Oceanlake Grade School which caused scheduling problems in the school.

—Mr. Mayer had some interstaff relation problems.

—In October of 1976, a set of eight goals were established by the principal of Waldport Elementary School for Mr. Mayer to comply. Mr. Mayer failed and neglected to comply in all respects and maintained he was not required to do so.

—Mr. Mayer on occasion refused to sign documents or evaluations to be placed in his personnel file or to acknowledge that he had read them. The teacher's explanation was that he wanted more time to study them. We find this explanation unsatisfactory and he violated school district policies.

—Mr. Mayer failed to sbumit budget materials in a timely manner on one occasion. Mr. Mayer kept lesson plans but not always in the usual lesson books provided the teachers but by use of some handwritten notes often of a sketchy fashion and difficult to follow.

—The children in Mr. Mayer's classroom were noisy and often rude to the teacher and to each other.

—Mr. Mayer failed to meet many of the goals which he established for himself or those established by the principal for him to work toward during the period 1975 to 1977.

—Mr. Mayer failed to keep his supervisor informed prior to taking field trips as he was instructed to do.

—Mr. Mayer failed to invite in and utilize effectively the intervention team designated to aid him with problem children. It was necessary for the principal to call in the intervention team because he had failed to do so as directed.

—Behavior toward parents was overly aggressive on occasions.

[103]

Conclusion of the FDAB that it exercised its independent judgment in making its determination, and the threshhold question on this appeal is whether FDAB exceeded its authority in so doing.

The relevant statutory provisions are ORS 342.895(1) and 342.905(1) and (7). ORS 342.895(1) provides:

"(1) Authority to dismiss a permanent teacher is vested in the district school board subject to the provisions of the fair dismissal procedures of ORS 342.805 to 342.955 and only after recommendation of the dismissal is given to the district school board by the superintendent."

ORS 342.905(1) and (7) provide:

"(1) If the district school board dismisses the teacher, the teacher or the teacher's representative may appeal that decision to the Fair Dismissal Appeals Board established under ORS 342.930 * * *.

"* * * * *

"(7) If the Fair Dismissal Appeals Board panel finds the facts relied on to support the recommendation of the district superintendent true and substantiated, and that those facts justify the statutory grounds cited as reason for the dismissal and so notifies the permanent teacher, the district superintendent, the district school board and the Superintendent of Public Instruction in writing, the dismissal becomes final on the date of the notice."

Respondents contend that under the terms of ORS 342.905(7) FDAB conducts a proceeding *de novo* by which it not only determines whether the facts relied on to support the dismissal are true, but also to make an independent judgment of its own as to whether those facts justify the statutory grounds cited as the reason for the dismissal. While that subsection of the law may arguably lend some support to respondents' contention, respondents' interpretation would be inconsistent with the clear legislative expression contained in ORS 342.895 that the authority to dismiss a permanent teacher is vested in the district school

[104]

board subject to the provisions of the fair dismissal procedures. To the extent that there is an inconsistency between the two provisions, we must harmonize them if possible. It is clear from the Fair Dismissal Law that the FDAB must conduct a formal hearing (ORS 342.905), but the fact-finding function of that hearing is confined to determining whether the facts relied on to support the recommendation of the district superintendent to dismiss the teacher are true. The formal hearing before the FDAB is the first statutorily required hearing relating to the dismissal. To that extent, then, the fact-finding hearing conducted by the FDAB is *de novo* in the sense that it does not review a prior record made before the school board to determine if that record contains substantial evidence to support its stated reasons. The FDAB is the primary fact-finder.

The real question is whether the judgmental aspect of FDAB's function on "appeal" stands in the same posture. First, we observe that authority to dismiss a permanent teacher is vested in the district school board, and that so long as the statutory (ORS 342.895) procedure is followed, the dismissal takes effect on or after the date of the board's action, as specified by the board. Second, if no appeal is taken within ten days from receipt of notice of the board's action, ORS 342.905(1), that is the end of the matter. Third, the characterization of the FDAB proceedings as an "appeal" suggests, although it may not dictate, that there be some review aspects to its functions, and since it is clear there is no review of fact-finding, the review function must relate to the remedial, or judgmental, authority of FDAB.

Such an analysis tends to harmonize any apparent inconsistency between ORS 342.895(1) and 342.905 by giving effect to the phrase "subject to the provisions of the fair dismissal procedures of ORS 342.805 to 342.955" which follows immediately the language vesting in the school board authority to dismiss. The

result is that the school board's dismissal is subject to a formal fact-finding hearing to determine whether the facts relied upon to support the statutory reasons for discharge are "true and substantiated." If they are not, the teacher is reinstated. If they are, FDAB must then review the school board's judgment that the facts are "adequate to justify the statutory grounds cited as reasons for the dismissal." In other words, it is not for FDAB to determine whether it would dismiss the teacher, but whether there is some evidence to justify the "grounds cited as reasons," not the dismissal itself.

Under an analogous statutory scheme involving the merit system for state employees, we have recognized the two separate functions of the state board (Employment Relations Board) statutorily designated to hear "appeals" of dismissals. While the statutory language is different, we have held that ERB is the "primary fact-finder," but once the facts are determined its determination of whether the dismissal was in "good faith for cause" must be based upon a finding that "no reasonable employer would have regarded those facts as sufficient cause for action." *Thompson v. Secretary of State*, 19 Or App 74, 80, 526 P2d 621, *rev den* (1974). *Cf. Phillips v. State Bd. of Higher Ed.*, 7 Or App 588, 490 P2d 1005 (1971) *rev den* (1972).

In *Phillips*, we said:

"* * * To construe ORS 240.560 as employe urges would result in vesting disciplinary power of the various state agencies over their employes in the Board and not the agencies which appoint them. Such a result would undermine their authority and hamper efficient agency administration. * * *"

That observation is even more compelling here because of the express statutory language of ORS 342.895(1) vesting authority in the district school board to dismiss permanent teachers.

We conclude that the overall similarity between the Merit System and Fair Dismissal statutory schemes justifies similar treatment of the authority of the two

boards on "appeal." We hold, therefore, that once FDAB has determined what facts relied upon to support the recommendation of the district superintendent are true, it may not reverse the school board action unless no reasonable school board would have regarded those facts as sufficient to support the statutory grounds cited as reasons for the dismissal, so long as those facts are reasonably related to the grounds cited.[3]

■ The question remains as to the proper disposition of the case. It is apparent from the FDAB's ultimate findings and reasons that it did not apply the proper standard in reaching its conclusion. Although it found "the facts charged are true and substantiated," they did not "rise to the level of a conclusion that the teacher was inefficient, insubordinate, neglected his duty or that his performance was inadequate," but "should have resulted in some more affirmative corrective action long ago," and that the board did not agree with the school board that the facts "treated cumulatively and collectively" supported dismissal. While the FDAB's statements are somewhat confusing, it seems clear that it did not find or conclude that there was no reasonable relationship between the facts found as true and the statutory grounds cited for dismissal, but only that it disagreed that they supported a dismissal.

■■ Our review is pursuant to ORS 183.480 (ORS 342.905(8)) under which we may reverse or remand only if we find the order to be unlawful in substance or procedure. Here, the order is unlawful in substance because the FDAB substituted its judgment for that of the school board. If we were to remand this proceeding to FDAB to apply the proper standard, we may be

[3] Respondent's contention that "to give FDAB only substantial evidence and sufficient cause review of school district dismissal decisions" would render the Fair Dismissal Law vulnerable to constitutional attack, is answered by the post termination formal due process hearing to determine whether the facts relied on are true. *Tupper v. Fairview Hospital,* 276 Or 657, 556 P2d 1340 (1977).

prolonging the dispute unnecessarily because we conclude as a matter of law that it cannot, on the facts found by FDAB to be true, be said that no reasonable school board would have regarded those facts as sufficient to support the statutory grounds cited as reasons for the dismissal.

Accordingly, we reverse and remand for the entry of an order consistent with this opinion.

**TANZER, J.,** concurring.

My only difference with the majority analysis is that I see the statutes as clearly requiring the result at which the majority arrives by harmonizing what it perceives as an arguable statutory inconsistency. I see no inconsistency.

ORS 342.905(7) requires that the Fair Dismissal Appeals Board determine whether the facts "justify the statutory grounds cited as reason for the dismissal." The reference is clearly to the "statutory grounds" for dismissal such as "Inefficiency" or "Immorality" which are listed in ORS 342.865. The function of the FDAB is simply to determine whether the facts establish the existence of any of those grounds. The statute is clear in this respect and gives no reason for the FDAB to conclude that if statutory grounds for sanction exist, it can substitute its judgment for that of the school board as to sanction.