Argued January 24, reversed and remanded April 23, reconsideration
denied June 12, petition for review denied July 31, 1979

# GLIDE SCHOOL DISTRICT NO. 12, *Petitioner,*
## *v.*
## CARELL et al, *Respondents.*
### (CA 11778)
593 P2d 1224

Richard E. Miller, Eugene, argued the cause for petitioner. With him on the brief was Hershner, Hunter, Miller, Moulton & Andrews, Eugene.

Robert D. Durham, Eugene, argued the cause for respondent Carell. With him on the brief was Kulongoski, Heid, Durham & Drummonds, Eugene.

James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem, waived appearance for respondent Fair Dismissal Appeals Board.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

BUTTLER, J.

**BUTTLER, J.**

Glide School District No. 12 (petitioner) seeks judicial review of an order of the Fair Dismissal Appeals Board (FDAB) setting aside the dismissal of respondent Carell as a permanent teacher, and reinstating Carell to a position in the district.

Carell was hired by petitioner in 1973 as a teacher in the district's senior high school. In early 1976 the principal of the school in which Carell was employed recommended that his contract be renewed, which would have given him the status of a permanent teacher. The district superintendent, however, did not accept that recommendation and, instead, recommended to the district's school board that Carell's teaching contract for 1976-77 not be renewed. The school board followed that recommendation and refused to renew the contract. Carell filed a petition for a writ of mandamus in the circuit court, contending that the notice of nonrenewal was not timely; the court agreed and directed the school board to renew his teaching contract for the ensuing year. The school board complied, but did not assign him to teach in petitioner's schools thereafter.

In October, 1977, the district superintendent, pursuant to ORS 342.895, notified Carell that he intended to recommend to the school board that Carell be dismissed. The notice complied with the statute by setting forth the statutory grounds upon which the superintendent believed the dismissal was justified; it also contained a statement of the facts relied on to support the statutory grounds for dismissal. The school board followed the superintendent's recommendation at a meeting which Carell did not attend.

Carell appealed his dismissal to the FDAB, which entered the order reinstating him for which review in this court is now sought. The hearing before the FDAB consumed six days, during which more than 800 pages of testimony was adduced with respect to the facts relied upon by the petitioner. At the outset, petitioner

[729]

contends that the FDAB order is insufficient for review because it does not contain findings of fact with respect to most of the facts upon which the superintendent relied to support his recommendation for dismissal.

The apparent reason for the FDAB's failure to make findings with respect to all of the facts relied on by the superintendent is that the FDAB concluded that facts relating to matters which arose prior to petitioner's school principal's evaluation of Carell in March of 1976 resulting in the principal's recommendation that Carell's teaching contract be renewed, were irrelevant. Its reasoning was that all of the facts alleged in support of dismissal, except one, were known at the time the principal recommended renewal of Carell's contract. In its ultimate findings and reasons, the board stated:

> "* * *The facts charged in support of the statutory charges of inefficiency, inadequate performance, failure to comply with such reasonable requirements as the board may prescribe to show normal improvement and evidence of professional training and growth and any cause which constitutes grounds for the revocation of such permanent teacher's teaching certificate, even if true, would not be adequate to justify the statutory grounds charged in light of the recommendation for contract renewal.* * *"

As a conclusion of law, the FDAB stated that the facts relied upon to support the recommendations of the district superintendent are not true and substantiated.

The fallacy in the FDAB's reasoning is that the school principal's recommendation to renew was not followed by the district superintendent, who recommended against renewal of Carell's contract, giving specific reasons for his recommendation, and the school board followed the latter recommendation in voting not to renew the contract. The only reason the contract was renewed is that petitioner's nonrenewal notice was found to be not timely, and the circuit court ordered petitioner to renew the contract for that

[730]

reason. It is apparent, therefore, that petitioner did not agree with the principal's recommendations. We cannot say as a matter of law that evidence supporting the district superintendent's recommendation of non-renewal, and, ultimately, of intention to recommend dismissal as a permanent teacher, may not be considered in making the ultimate determination as to whether petitioner was justified in dismissing the teacher. *See Lincoln County School District v. Mayer,* 39 Or App 99, 591 P2d 755 (1979).

■ As we pointed out in the *Lincoln County School District* case the FDAB is the primary fact-finder under the Fair Dismissals Law and must determine whether or not the facts relied on to support the recommendation of the district superintendent are true and substantiated; if they are, and if those facts are reasonably related to the grounds cited as reasons for dismissal, the FDAB may not reverse the school board action unless no reasonable school board would have regarded those facts as sufficient to support the statutory grounds cited as reasons for the dismissal.

Further, we construe the FDAB's statement that even if the facts charged were true they would not be adequate to justify the statutory grounds charged, as being an independent judgment of the FDAB, rather than an application of the standard we enunciated in *Lincoln County School District, supra.*

Accordingly, we must remand this proceeding to the FDAB for further findings with respect to whether the facts relied on to support the recommendation of the district superintendent are true, and, if necessary, for the application of the proper standard of review of the petitioner's action. *See Reynolds School Dist. v. Martin,* 30 Or App 39, 566 P2d 196 (1977); *Lincoln County School District v. Mayer, supra.*

■ One further contention made by petitioner here, which may be applicable on remand, is that the FDAB erred in excluding the testimony of school principal Norman Bergstrom with respect to what a student in

his school told him about a bank account under Carell's control. Clearly, the evidence was hearsay, but that objection alone would not require its exclusion in a contested case proceeding under the Administrative Procedure Act. *See* ORS 183.450(1). That is not to say, however, what weight FDAB must accord such testimony.

Reversed and remanded.