Argued and submitted December 5, 1990, the decision of the Court of Appeals affirmed, the order of the Fair Dismissal Appeals Board reversed and remanded to the Fair Dismissal Appeals Board for further proceedings May 30, 1991

# JEFFERSON COUNTY SCHOOL DISTRICT NO. 509-J,

*Respondent on Review,*

*v.*

# FAIR DISMISSAL APPEALS BOARD,

*Respondent Below,*

*and*

# Carol KARI,

*Petitioner on Review.*

(88-6; CA A60800; SC S37373)

812 P2d 1384

Robert Durham, Portland, argued the cause for petitioner on review. On the petition were Barbara J. Diamond, Mark S. Toledo, Margaret S. Olney, and Bennett & Durham, Portland.

Nancy J. Hungerford, Oregon City, argued the cause and filed the response for respondent on review.

Before Peterson, Chief Justice, and Carson, Gillette, Van Hoomissen, Fadeley and Unis, Justices.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This case involves judicial review of the dismissal of a school teacher. The issues before this court are: (1) whether the Court of Appeals, in its review of an order of the Fair Dismissal Appeals Board (FDAB), exceeded its statutory scope of review under the Oregon Administrative Procedures Act; (2) whether that court correctly interpreted the term "neglect of duty" as it is used in the Fair Dismissal Law; and (3) whether that court correctly remanded for reconsideration FDAB's conclusion that dismissal was an unreasonable and clearly excessive sanction. We affirm the decision of the Court of Appeals.

## FACTS

The Jefferson County School District superintendent recommended to the school board that it dismiss Carol Kari, a permanent teacher. ORS 342.895(1).[1] The recommendation followed a police search, of Kari's and her husband's jointly owned home, that produced evidence that her husband had been using their home to grow and sell marijuana and that Kari was aware of the drug sales.[2] Kari told a police officer involved in the search that she had been aware of her husband's use and sales of marijuana for over two years. She also told the officer that she was concerned about the effect that her husband's unlawful drug activities might have on her job.

Although Kari personally opposed the unlawful use of drugs, obtained counseling regarding her husband's drug activities, and urged her husband to obtain counseling, she did nothing further to curtail his use of the Kari home for unlawful drug activities because, she explained, she was concerned that such action might cause the break up of her family (which included two young children) and because she feared that her husband might react violently.

---

[1] Authority to dismiss a permanent school teacher is vested in the district school board after recommendation of the dismissal is given to the board by the superintendent, subject to the provisions of the Fair Dismissal Law, ORS 342.805 *et seq.* ORS 342.895(1).

[2] The validity of the search is not challenged in this proceeding. Kari's husband was convicted of possession and manufacture of marijuana. Kari was charged with possession of marijuana but was acquitted.

In recommending Kari's dismissal, the district superintendent cited "immorality" and "neglect of duty" as the statutory grounds for dismissal. ORS 342.865(1).[3] The neglect of duty allegations were based on Kari's awareness of and acquiescence in her husband's illegal drug activities and her inaction in response to those activities. The superintendent asserted that Kari had neglected three duties: her duty as a teacher to serve as a role model for students and the community by failing to model good citizenship and law abiding behavior; her duty to maintain effective relationships with students, parents, and other staff because, after the fact of her husband's unlawful drug activities became known, members of those groups would be unwilling to work with her; and her duty as a teacher to teach approved District curriculum, which included the district's anti-drug program, because her credibility and effectiveness as an anti-drug teacher had been undermined.[4] The district's board voted unanimously to dismiss Kari on both statutory grounds relied on by the superintendent.

On appeal,[5] FDAB reversed the district's dismissal

---

[3] ORS 342.865(1) provides in part:

"No permanent teacher shall be dismissed except for:

"* * * * *

"(b) Immorality;

"* * * * *

"(d) Neglect of duty[.]"

On review in the Court of Appeals, the district assigned as error FDAB's finding that the facts do not support a charge of "immorality." The Court of Appeals rejected that assignment without discussion, *Jefferson County School Dist. No. 509-J v. FDAB,* 102 Or App 83, 87 n 2, 793 P2d 888 (1990), and the district does not pursue that statutory ground for dismissal in this court.

[4] In 1979, the drug-related death of a student caused considerable concern in the Madras community about student drug use. The district instituted an aggressive drug education program in response to a significant student drug use problem.

Kari's responsibilities included instruction and extracurricular participation in the district's anti-drug program. All of the district's teachers who were involved in the program, including Kari, received training in anti-drug education. In training workshops, teachers were told that they were role models for their students and that, as teachers, their actions "speak loudly." At the hearing, the superintendent stated that he believed dismissal was necessary because Kari's failure to distance herself from her husband's drug activities would negatively impact on the ability of parents and the community to trust her.

[5] Under the Fair Dismissal Law, ORS 342.805 *et seq.,* a permanent teacher who has been dismissed by a district school board may appeal to the Fair Dismissal

order.[6] FDAB found that "the factual allegations charged against [Kari] are, for the most part, true and substantiated."[7] Nonetheless, FDAB ruled that those facts do not justify the statutory ground of "immorality"

"because they do not show selfish conduct by appellant, they do not show intentional disregard of appellant for the rights, sensitivities or welfare of other persons and they do not show damage to appellant's ability to teach that was caused by illegal or immoral conduct of appellant."

FDAB further ruled that those facts do not constitute the statutory ground of "neglect of duty"

"because the district failed to prove notice to appellant of just what her duty was when she was aware of her husband's marijuana sales and failed to prove that any duty to do more than she did, under the circumstances, was so clear that she should have known of the duty despite lack of notice."

---

Appeals Board (FDAB). ORS 342.905(1). FDAB's scope of review is stated in ORS 342.905(5) and (6):

"(5) * * * The Fair Dismissal Appeal Board panel shall determine whether the facts relied upon to support the statutory ground cited for dismissal are true and substantiated. If the panel finds these facts true and substantiated, it shall then consider whether such facts, in light of all the circumstances and additional facts developed at the hearing that are relevant to the statutory standards in ORS 342.865(1), are adequate to justify the statutory grounds cited. In making such determination, the panel shall consider all reasonable written rules, policies and standards of performance adopted by the school district board unless it finds that such rules, policies and standards have been so inconsistently applied as to amount to arbitrariness. The panel shall not reverse the dismissal if it finds the facts relied upon are true and substantiated unless it determines, in light of all the evidence and for reasons stated with specificity in its findings and order, that the dismissal was unreasonable, arbitrary or clearly an excessive remedy. * * *

"(6) * * * [I]f the Fair Dismissal Appeals Board panel finds that the facts relied on to support the recommendation of the district superintendent are untrue or unsubstantiated, or if true and substantiated are not adequate to justify the statutory grounds cited as reason for the dismissal, and so notifies the permanent teacher, the district superintendent, the district school board and the Superintendent of Public Instruction, the teacher shall be reinstated and the teacher shall receive such back pay as ordered by the Fair Dismissal Appeals Board panel for the period between the effective date of the dismissal and the date of the order reinstating the teacher."

[6] FDAB divided 2-1 on appeal.

[7] Kari does not challenge FDAB'S findings of fact. Therefore, the facts pertinent to this case are those found by FDAB. The Court of Appeals did not reverse any of FDAB's findings of fact.

FDAB also ruled that

> "[e]ven if it could be said that she should have known she had the duty either to try to stop her husband's drug-selling activity or to physically disassociate herself from him as long as he engaged in such activity, nevertheless, dismissal was an unreasonable and clearly excessive sanction."

The Court of Appeals reversed FDAB's order, and remanded it for reconsideration. *Jefferson County School Dist. No. 509-J v. FDAB*, 102 Or App 83, 793 P2d 888 (1990). On the question of whether Kari was on notice that she had a duty to the district and that her conduct violated that duty, the court held that FDAB's conclusion that Kari was not on notice did not follow from FDAB's factual findings:

> "The workshop training, as described in the findings, gave clear notice that off-duty personal drug involvement was contrary to a teacher's role in connection with the anti-drug instructional program. FDAB's thesis that the training notified teachers that drug *use* was proscribed, but did not alert them about other forms of drug involvement, is incorrect as a matter of law. No reasonable person could have come away from that training with the understanding that only personal use of drugs was forbidden or that allowing one's house to be used for drug trafficking was compatible with the duty of teaching students to 'say no.' " 102 Or App at 89. (Emphasis in original.)

The Court of Appeals further held that FDAB had incorrectly focused on Kari's family circumstances rather than on her duty to preserve the integrity of her role as an anti-drug teacher. The court concluded that FDAB "misinterpreted and misapplied the statutory term 'neglect of duty,' " because "the correct focus is on the propriety of [Kari's] conduct in the light of her responsibilities to the district and her students." 102 Or App at 90.

On the question of whether dismissal was an appropriate sanction, the Court of Appeals found that FDAB's analysis on that issue also was infected by its erroneous analysis of Kari's "duty." The court stated:

> "FDAB's conclusion that the sanction was excessive was based, in large part at least, on its earlier conclusion that Kari's personal circumstances *did* define her duty. As FDAB stated * * *, the sanction was excessive even if a 'failure to report her husband's activities or [a] failure to separate

herself from him amounted' to a neglect of duty. In other words, FDAB's reasoning on the sanction issue was premised on the same misperception of what Kari's duty was that rendered erroneous its reasoning on the neglect of duty issue. FDAB then weighed the cost of performance against the benefits of nonperformance of that misdefined duty in reaching its conclusion about the excessiveness of the dismissal. Kari, it said, was faced 'with the inevitability of the breakup of' her family and was not given notice and the opportunity 'to show that she could refrain from associating with anyone, including her husband, who sold marijuana.' FDAB's analysis of the sanction question was permeated by its miscast focus on the duty question and, if the former needs to be reached on remand, FDAB must reconsider that analysis." 102 Or App at 90-91. (Emphasis in original; footnote omitted).

The Court of Appeals remanded the case to FDAB to apply the proper interpretation of "duty" and, in the light of that interpretation, to reconsider whether Kari had neglected a duty she owed *to the district*[8] and, if so, whether under the circumstances dismissal was an unreasonable or clearly excessive sanction. *Id.* at 90-91.

## ANALYSIS

■    Judicial review of an order issued by FDAB is obtained under the judicial review provisions of the Oregon Administrative Procedures Act (APA). ORS 342.905(8); ORS 183.480. Under the APA, a reviewing court has a limited scope of review. *City of Roseburg v. Roseburg City Firefighters,* 292 Or 266, 271, 639 P2d 90 (1981). In this case, the pertinent review provisions of ORS 183.482 provide:

"(7)    * * * [T]he court shall not substitute its judgment for that of the agency as to any issue of fact or agency discretion. * * *.

"(8)(a)    The court may affirm, reverse or modify the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A)    Set aside or modify the order; or

_____

[8] The Court of Appeals did not imply, 102 Or App at 90 n 3, nor do we, that the separate question of *neglect* of duty may never be related to the conflicting demands of a teacher's professional and personal life.

"(B)     Remand the case to the agency for further action under a correct interpretation of the provision of law."

Kari contends on review that the Court of Appeals substituted its judgment for that of FDAB as to the pivotal factual issue in this case, *i.e.,* whether she was on notice of her duty and that she could face dismissal for certain off-duty conduct. She argues that this action exceeds the Court of Appeals' scope of review under ORS 183.482(7).

Although ORS 183.482(7) expressly limits a reviewing court's authority to substitute its judgment for that of the agency as to any issue of fact, ORS 183.482(8)(a) gives a reviewing court express authority to remand a case to the agency if the agency has "erroneously interpreted a provision of law." In this case, the Court of Appeals concluded that FDAB made such an erroneous interpretation. *Jefferson County School Dist. No. 509-J v. FDAB, supra,* 102 Or App at 89-90. We agree. The term "duty" is part of ORS 342.865(1)(d), the statute that authorizes the dismissal of a permanent teacher for "neglect of duty." The Court of Appeals found that, in interpreting the statutory term "duty," FDAB erroneously had focused on Kari's personal situation, *i.e.,* what *she* should do in light of *her* family circumstances and concerns, rather than on her general objective responsibilities as a teacher to the school district and to her students. 102 Or App at 89-90. The court's holding that FDAB had made an erroneous interpretation of law could not have been more clear. The court stated, "We conclude that FDAB misinterpreted and misapplied the statutory term 'neglect of duty.' " *Id.* at 90. The Court of Appeals action, therefore, was not a substitution of its judgment for that of FDAB on an issue of fact as prohibited by ORS 183.482(7); rather, it was an exercise of the court's authority under ORS 183.482(8)(a) to correct FDAB's erroneous interpretation of law.

Kari next argues that this court should reject the Court of Appeals interpretation of the term "duty." We decline to do so. In establishing its employees' responsibilities, a school district must look to broad considerations such as providing for the comprehensive education of its students, providing for the efficient operation of its schools, and maintaining favorable community/school relationships.

Such considerations are illustrated by the duties identified by the district superintendent in this case: a teacher's responsibilities to serve as a role model for students; a teacher's duty to maintain effective relationships with students, parents, and other teachers and staff; and a teacher's duty effectively to teach and model approved district curriculum and policy.

In establishing the duties it requires a teacher to perform, a school district need not attempt to address the limitless variables of each teacher's personal circumstances. As it is used in ORS 342.865(1)(d), the term "duty" must be defined objectively and applied evenly to all the teachers in a given district. "[T]he nature and extent of the teacher's 'duty' to [the district] are independent of the relative ease or difficulty of compliance in a particular case." *Jefferson County School Dist. No. 509-J v. FDAB, supra,* 102 Or App at 91 (Graber, J., dissenting).

■ In this case, FDAB effectively concluded that, because Kari had not been informed of what she should do in view of her unique personal and family circumstances, no duty to do anything existed. As did the Court of Appeals majority, we reject that conclusion. The district had no obligation to prescribe for Kari what she personally should do to avoid breaching the duties of which she was already well aware (as evidenced by her own admissions to the officer involved in the search of her home). We also reject Kari's implicit argument that dismissal grounded on "neglect of duty," as that phrase is used in ORS 342.865(1)(d), may not be based on "off-the-job" conduct as well as "on-the-job" conduct. Kari offers no authority for this argument and we are aware of none.

■ Kari next argues that FDAB correctly found that, even if she neglected her duty, the sanction of dismissal was unreasonable and clearly excessive. We disagree. FDAB's role in reviewing the propriety of a district's decision to dismiss a teacher is limited. *Ross v. Springfield School Dist. No. 19,* 294 Or 357, 363, 657 P2d 188 (1982). ORS 342.905(5) provides in part that FDAB:

> "shall not reverse the dismissal if it finds the facts relied upon are true and substantiated unless it determines, in light of all the evidence and for reasons stated with specificity in its

findings and order, that the dismissal was unreasonable, arbitrary or clearly an excessive remedy."

In *Ross v. Springfield School Dist No. 19, supra,* 294 Or at 364-65, we noted that the present language of ORS 342.905(5) was a codification of the Court of Appeals' decision in *Lincoln County School Dist. v. Mayer,* 39 Or App 99, 591 P2d 755, *rev den* 287 Or 215 (1979). In *Mayer,* the Court of Appeals held that, after FDAB has found sufficient facts to justify a statutory basis for dismissal, FDAB may not reverse a district's decision to dismiss a teacher unless it can say that "no reasonable school board" would have imposed that sanction. 39 Or App at 106-07. Thus, "so long as the facts justify the grounds cited for dismissal, [FDAB] may engage in only deferential review of the school board's judgment concerning the dismissal sanction." *Ross v. Springfield School Dist No. 19, supra,* 294 Or at 363.

Regarding the issue of sanction, in this case FDAB concluded:

"Even if it could be said that failure to report her husband's activities or failure to separate herself from him amounted to cause for dismissal for neglect of duty, nevertheless dismissal was an unreasonable and clearly excessive sanction. [Kari] had been a teacher with respondent for eleven years and her record showed nothing but satisfactory service. [Kari] had been teaching the say-no-to-drugs curricula for several years, was personally against drug use and, to [the district's] knowledge, was at all times effective in her promotion and implementation of the say-no-to-drugs program. In dealing with the situation of her husband's use of their home for selling marijuana, [Kari] was faced not only with the inevitability of the breakup of their family if she took action but also with the fact that her husband was prone to anger and could become violent. [Kari] also had never been informed by the district just how much the appearance of condoning drug sales rather than [Kari's] actual conduct would matter to the district. Under these circumstances and without ever first giving a satisfactory teacher, such as [Kari], the opportunity after notice of off-duty expectations to show that she could refrain from associating with anyone, including her husband, who sold marijuana, dismissal was not an objectively reasonable response to [Kari's] fault. Accordingly, we find that it was both an unreasonable and clearly excessive sanction."

The Court of Appeals concluded that FDAB's explanation did not support its conclusion that dismissal was an unreasonable and clearly excessive sanction. *Jefferson County School Dist. No. 509-J v. FDAB, supra,* 102 Or App at 90-91. We agree.

FDAB's explanation was permeated "by its miscast focus on the duty question," *i.e.,* FDAB's understanding that Kari's "duty" included consideration of her unique personal circumstances. In reaching its conclusion, FDAB weighed the cost of performance against the benefits of nonperformance of Kari's misdefined duty. The "cost" of performance of Kari's "duty," as defined by FDAB, was the break up of her family. Because FDAB's conception of Kari's duty was erroneous and that error permeated its sanction analysis, FDAB's analysis on the sanction issue likewise was legal error requiring remand. ORS 183.482(8).

## CONCLUSION

We conclude that the Court of Appeals (1) acted within its statutory scope of review under the Oregon Administrative Procedures Act; (2) correctly interpreted the term "neglect of duty" as it is used in the Fair Dismissal Law; and (3) correctly remanded for reconsideration FDAB's conclusion that dismissal of Kari was an unreasonable and clearly excessive sanction. We, therefore, affirm the decision of the Court of Appeals.

The decision of the Court of Appeals is affirmed. The order of the Fair Dismissal Appeals Board is reversed. The case is remanded to the Fair Dismissal Appeals Board for further proceedings consistent with this opinion.