Argued and submitted February 22, affirmed May 12, reconsideration denied
August 18, petition for review denied October 26, 1993 (318 Or 25)

Carol KARI,
*Respondent,*

*v.*

JEFFERSON COUNTY
SCHOOL DISTRICT NO. 509-J,
*Petitioner,*

*and*

FAIR DISMISSAL APPEALS BOARD,
*Respondent.*

(88-6; CA A73189)

852 P2d 235

Nancy J. Hungerford, Oregon City, argued the cause for petitioner. With her on the brief was Bischof, Hungerford & Witty, Oregon City.

Mark S. Toledo, Portland, argued the cause for respondent Carol Kari. With him on the brief was Bennett & Hartman, Portland.

Michael D. Reynolds, Assistant Solicitor General, Salem, waived appearance for respondent Fair Dismissal Appeals Board.

Before Deits, Presiding Judge, and Riggs and Leeson, Judges.

DEITS, P. J.

## DEITS, P. J.

Respondent Kari was dismissed as a permanent teacher by petitioner school district, *inter alia*, for "neglect of duty," ORS 342.865(1)(d), arising out of her failure to take appropriate measures in response to her husband's use of the family home for marijuana sales. The Fair Dismissal Appeals Board (FDAB) reversed the dismissal. The district sought our review, and we reversed FDAB's decision. *Jefferson County School Dist. No. 509-J v. FDAB*, 102 Or App 83, 793 P2d 888 (1990), aff'd 311 Or 389, 812 P2d 1384 (1991). The Supreme Court affirmed our holding and remanded to FDAB for further proceedings consistent with its opinion. 311 Or 389, 812 P2d 1384 (1991). On remand, FDAB again concluded that Kari's conduct did not constitute neglect of duty and again reversed her dismissal. The district petitions for review, and we affirm.

The facts are sufficiently set forth in the Supreme Court's opinion, and in our earlier opinion, and require no repetition. The essence of both courts' reasoning in reversing the first FDAB order was that the term "duty" in the statute is an objective one and refers to a teacher's obligation to the employing district, her students and others. Therefore, it was held that FDAB misconstrued and misapplied the statute, as a matter of law, by defining Kari's duty almost wholly by reference to her personal and family circumstances that, she maintained, were inconsistent with her ability to take measures to prevent her husband's misuse of the house. The Supreme Court noted, however:

> "The Court of Appeals did not imply, 102 Or App at 90 n 3, nor do we, that the separate question of *neglect* of duty may never be related to the conflicting demands of a teacher's professional and personal life." 311 Or at 395 n 8. (Emphasis in original.)[1]

The apparent thrust of FDAB's reasoning on remand was that, in light of Kari's personal circumstances and of the

---

[1] Its reference was to the footnote in our opinion:

"We do not imply that the question of *neglect* of duty can never be related to the conflicting demands of a teacher's personal and family life. However, here, FDAB effectively concluded that no duty *existed*, because the teacher chose to pursue a particular personal course that was in conflict with her duty." 102 Or App at 90 n 3. (Emphasis in original.)

tenuous connection between her actions and her husband's misconduct, neglect of duty had not been established.

■    The district first contends that the opinions of the two appellate courts hold that Kari was guilty of neglect of duty as a matter of law and that FDAB erred "by proceeding to re-interpret and apply the statutory term * * * to the facts of this case." Rather, the district asserts, all that was left for FDAB to do on remand was to determine whether dismissal was a permissible penalty for the neglect of duty that the Supreme Court had already found to exist. *See* ORS 342. 905(5).

We disagree with the district's reading of the Supreme Court's opinion. It held that FDAB's initial interpretation of "neglect of duty" was erroneous. It did not — and could not properly — hold that the agency was foreclosed from performing its statutory duty of applying the correct interpretation of the statute to the facts of the case. *See* ORS 342.905(5). The court referred, with evident approval, to our disposition that "remanded the case to FDAB to apply the proper interpretation of 'duty' and, in the light of that interpretation, to reconsider whether Kari had neglected a duty." 311 Or at 395. We conclude that FDAB acted within the scope of the Supreme Court's remand.

■    The district next argues:

"Even if the FDAB was given responsibility for applying the statutory term, neglect of duty, as explained by the Court of Appeals and Supreme Court, the panel's role on remand was to apply that term as defined by the courts. In this case, the FDAB majority has instead defied the appellate courts' interpretation, and simply come up with [a] rewritten explanation of the same rationale as its original finding that Carol Kari's conduct did not constitute 'neglect of duty.'

"The FDAB majority has perpetuated the error of its original decision by once again focusing on Carol Kari's personal circumstances, despite the admonition of the Supreme Court that in acting upon a recommendation to dismiss, a school board need not attempt to address each teacher's personal circumstances, but rather must apply any statutory ground, including 'neglect of duty,' objectively and uniformly to all teachers in the district.

"While a teacher's personal circumstances might be appropriately reviewed by the FDAB in reviewing the penalty — whether dismissal was arbitrary, unreasonable, or clearly excessive — it was not in keeping with the statute for the panel majority to decide 'neglect of duty' upon that basis."

It is correct that much of FDAB's reasoning on remand was oriented to Kari's personal circumstances. However, it predicated that reasoning on its correct understanding of note 8 in the Supreme Court's opinion and note 3 in ours, that " 'neglect' of a duty is an issue separate from [the] definition of the duty," and that the neglect issue can turn on "conflicting demands of a teacher's professional and personal life."

It is true, as the district argues, that FDAB's inquiry into Kari's personal circumstances and its evaluation of her conduct in its treatment of the neglect question on remand were markedly similar to the considerations that led it to its conclusion on the duty question in its first opinion. However, that is consistent with the Supreme Court's and our observation that subjective considerations can be relevant to neglect, although duty itself must be defined objectively.

Finally, the district argues that FDAB erroneously interpreted the statute in concluding:

"It is not enough to say that where some damage to the teacher's effectiveness is predictable, the teacher must simply avoid that conduct. Societal considerations may exist which require protection of a teacher's rights in her personal life, even at the expense of detriment to a teacher's effectiveness as a teacher."

Again, however, that conclusion is in complete accord with the Supreme Court's and our indication that whether a teacher has *neglected* her duty can involve consideration of factors that bear on the tension between personal and professional roles.

■ FDAB's statement is not an incorrect interpretation of the law. How to apply that law to given facts may sometimes present a close question. This case does not present the question at either extreme. It is not akin to a situation where a teacher calls in and misses work to attend a desperately ill child, nor is it akin to one where the teacher leaves the

schoolhouse during work hours, without notice, to play golf with a friend. Essentially, Kari was confronted with a no-win situation, in which there was very little she could do to salvage either her personal or her professional interests. Whether Kari neglected her duty, under a proper interpretation of the statute, is a question that FDAB could reasonably have answered either way. In that circumstance, we may not disturb the answer that it gave. *See Ross v. Springfield School Dist. No. 19*, 300 Or 507, 519, 716 P2d 724 (1986).

Affirmed.