## McBETH, et al,
### *Appellants,*
#### *v.*
## ELLIOTT, et al,
### *Respondents.*

(No. 78-1468-E-1, CA 13024)

601 P2d 871

Thomas C. Howser, Ashland, argued the cause for appellants. With him on the briefs was Cottle, Howser, Hampton & Cue, Ashland.

Virginia L. Linder, Certified Law Student, Salem, argued the cause for respondents James K. Sours and Robert Davidson. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Robert D. Durham, Eugene, argued the cause for respondents Dr. Monty Elliott and Dr. William Purdom. With him on the brief was Kulongoski, Heid, Durham & Drummonds, Eugene.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

Plaintiffs are students at Southern Oregon State College. They brought this declaratory judgment suit (ORS chapter 28) against various administrative officers and faculty members of the college, seeking a declaration that plaintiffs are entitled to higher grades in a geology course than they actually received, and that the defendants are required to take all necessary measures to reflect the higher grades on the college records. Plaintiffs appeal from a summary judgment for defendants.

The complaint alleges that plaintiffs were enrolled in a geology course taught by the defendant Elliott and that on the basis of their classroom performance the various plaintiffs had accumulated sufficient points to place them in the A or B grade ranges. As part of the course curriculum, a field trip was conducted under the supervision of the defendant Purdom, the head of the college's Geology Department. For reasons not specified in the complaint, Purdom recommended to Elliott after the field trip that plaintiffs receive "incompletes" in the course. Ultimately, Elliott decided that the grades for the course would be determined by giving approximately equal weight to the field trip and to classroom performance, which, according to plaintiffs, "was contrary to the grading system previously applied." The plaintiffs received grades in the C or D range.

Plaintiffs instituted a grievance proceeding pursuant to rules of the college codified in OAR chapter 573. Defendant Sours, the president of the college, appointed a hearings officer to conduct the proceeding and to make an initial recommendation. The hearings officer concluded that the grades given plaintiffs were abitrary and that the higher grades based on their classroom performance should be restored. On August 22, 1977, Sours sent a memorandum to Elliott adopting the recommendation of the hearings officer and

"requesting" that Elliott comply with that recommendation. Elliott did not do so. This suit was filed in May, 1978. All parties moved for summary judgment, and the trial judge granted the motions of the defendants on the general ground that he had no jurisdiction over the matter under ORS chapter 28.

The defendants' principal alternative arguments are, first, that the action or inaction of which plaintiffs complain was taken by the college as a state agency subject to the Administrative Procedures Act (ORS chapter 183), and therefore any judicial relief available to plaintiffs is under ORS 183.480 *et seq.* rather than the declaratory judgment statutes; or, second, that the college was not acting as an "agency," as defined in ORS 183.310(1), and that plaintiffs' judicial recourse, if any, is through a mandamus action rather than a declaratory judgment suit.

■ The precise issue before us is whether the trial court had jurisdiction to render a declaratory judgment. The defendants' arguments are to the effect that the court had no such jurisdiction because other remedies are exclusive. We agree with the defendants and affirm.

In conducting a grievance procedure under OAR chapter 573, the college was acting as a state agency subject to ORS chapter 183. ORS 183.310(1) defines "agency" as meaning

"*** any state board, commission, department, *or division thereof,* or officer *authorized* by law to make rules or *to issue orders,* except those in the legislative and judicial branches." (Emphasis added.)

The college is a division of the State Board of Higher Education. ORS 352.290. Under OAR 573-20-045, the college, through its president, has authority to issue final orders in grievance proceedings. It follows that any judicial remedies available to plaintiff are those provided by ORS chapter 183. *Cf., School Dist. No. 48*

*v. Fair Dis. App. Bd.,* 14 Or App 35, 512 P2d 799 (1973).[1]

■ ORS 183.480 and 183.482 provide for judicial review by this court of final orders in contested agency cases. OAR 573-20-045(11) prescribes the procedures for promulgating, and the contents of, "Final Orders on Contested Cases" in college grievance proceedings. Sours' memorandum to Elliott *requesting* that Elliott raise the plaintiffs' grades does not constitute a "final order" under that rule (or under any other statute or rule known to us).[2] We conclude that the grievance procedure prescribed by OAR chapter 573 has not been completed, and there is as yet no reviewable final order from which plaintiffs can appeal under ORS 183.480 and 183.482.

ORS 183.490 provides:

> "The court may, upon petition as described in ORS 183.480, compel an agency to act where it has unlawfully refused to act, or unreasonably delayed action."

Plaintiffs could have proceeded under that section to compel the college to complete the grievance proceedings prescribed by its rules. *Bay River v. Envir. Quality Comm.,* 26 Or App 717, 554 P2d 620 *rev*

---

[1] Defendants Elliott and Purdom contend that the rules governing the grievance procedure were adopted by the college itself rather than the State Board of Higher Education, that under ORS 351.070(2)(b) only the Board has authority to promulgate such rules and, therefore, that the procedures set forth in OAR chapter 573 do not have the effect of authorizing the college to act as an "agency" or to issue orders. Defendants direct our attention to nothing in the record which lends support to the proposition that the rules were not validly adopted or that they did not become legally effective under ORS 183.355. In any event, the validity of the rules is not an issue in this case. *Cf.,* ORS 183.400.

[2] Sours filed an affidavit in support of the defendants' motion for summary judgment, stating that after Elliott failed to comply with the request, "I did not issue an order demanding compliance because I likewise at that time did not feel that I had the authority to give certain students certain grades."

Although the defendants argue that the general subject of student grades is not justiciable, they do not appear to argue that grades are not appropriate subjects of grievance proceedings brought under the rules in OAR chapter 573.

*den* (1976). Plaintiffs argue that this declaratory judgment suit is, in essence, a proceeding under ORS 183.490, and that "nothing in the APA indicates that a declaratory judgment action is inappropriate under [ORS 183.490]." Plaintiffs are mistaken. ORS 183.490 expressly provides that proceedings under it are to be initiated by "petition as described in ORS 183.480."

Defendants appear to contend that plaintiffs are now barred from proceeding under ORS 183.490.[3] That issue is not now before us.

Because we conclude that the judicial remedy available to plaintiffs was under ORS 183.490 rather than the declaratory judgment statutes, we affirm.

Affirmed.

---

[3] The principal authority defendants offer in support of their contention is *Brooks v. Dierker*, 275 Or 619, 552 P2d 533 (1976), where the Supreme Court held that when

"*** declaratory relief is sought as an alternative to other appropriate and otherwise available relief, the relevant limitations period for the declaratory judgment suit should be based on that of the underlying grounds for relief." 275 Or at 623.

Defendants seem to reason by analogy that a proceeding under ORS 183.490 must be brought within the 60-day period ORS 183.480 *et seq.* allow for appeals from final orders of agencies. Assuming *arguendo* that an implied limitations period of the kind described in *Dierker* can ever apply to ORS 183.490, we do not see how the *Dierker* principle can apply in situations like this, where the date of the agency's failure to act cannot be particularized, and, where, in addition, the agency has taken what purports to be action which the affected party cannot reasonably learn except from events is the equivalent of inaction. The defendants do not contend, nor could they, that they have been prejudiced by the plaintiffs' delay in instituting proceedings.