Argued and submitted February 1, reversed and remanded March 28, 1984

HIGLEY,
*Appellant,*

*v.*

EDWARDS et al,
*Respondents.*

(C82-6-120; CA A28503)

678 P2d 775

Gary L. Gardner, Salem, argued the cause for appellant. With him on the brief was Callahan, Hittle & Gardner, Salem.

George B. Stevenson, Curry County Counsel, Gold Beach, argued the cause and filed the brief for respondents.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff, an employe of the Curry County Sheriff's Department, was fired by Sheriff Edwards. On appeal, a review board found that the firing was justified. On a writ of review in the circuit court, ORS 34.010 *et seq*, the court affirmed the review board. Plaintiff appeals. ORS 34.100. He contends that the court erred in finding that (1) his right to due process was not violated by the composition of the review board; (2) the review board's decision was supported by reliable, probative and substantial evidence; and (3) the result of a polygraph examination was admissible over his objection. We reverse and remand for further proceedings.

Plaintiff, a deputy sheriff, was accused by Mary Carter, a prisoner, of sexual contact with her against her wishes. She first complained to Deputy Swem that plaintiff was paying an inordinate amount of attention to her. At that time, she made no allegation of sexual contact. The following day, she requested that Swem deliver a letter for her. After reading the letter, Swem had suspicions that sexual contact had taken place. Swem asked Carter whether plaintiff had had sexual contact with her. Carter responded, "Yes." Later, she made a written but unsworn statement of her complaints against plaintiff. In her statement, she described a sexual encounter in the jail photo lab. Plaintiff was verbally informed of Carter's complaints. He denied any wrongdoing.

Carter was given a polygraph examination. The examiner concluded that she was truthful regarding her complaint against plaintiff. Deputy Sprague stated that, on the day of the alleged sexual contact, she had observed plaintiff and Carter together in the photo lab. However, she had noticed no "unusual" activity. A few days later, Carter was released from custody.

On the basis of this evidence, Sheriff Edwards found plaintiff guilty of misconduct and terminated his employment. Plaintiff appealed. The sheriff created a review board composed of a State Police officer, a local citizen and himself.[1] Carter was not present at the review hearing. The record indicates that at the time she was "fishing" somewhere off the

---

[1] The parties stipulated that the review board hearing would be tried under the contested case procedures of ORS ch 183.

California coast. Letters directed to her by the sheriff were returned unopened or were not returned at all, and he contended that he had no legal authority to require her to return to Oregon for the hearing, even though she was then on felony probation. He also contended that he had no funds to pay for her return.

At the hearing, plaintiff's attorney objected to the admission in evidence of Carter's written unsworn statement and the results of her polygraph examination. The Board overruled those objections and that evidence was received.[2]

Plaintiff contends that Carter's statement was inadmissible hearsay. As previously noted, note 1, *supra,* the procedure agreed on and utilized by the parties before the Sheriff's review board was that provided for in contested cases under ORS ch 183. Under that procedure, the fact that evidence is hearsay does not *per se* require its exclusion. If probative, and if the evidence is of a type commonly relied on by reasonably prudent persons in the conduct of their serious affairs, ORS 183.450(1), hearsay evidence may be used to support an agency's action. *See Glide School Dist. v. Carell,* 39 Or App 727, 732, 593 P2d 1224 (1979); *see also Richardson v. Perales,* 402 US 389, 91 S Ct 1420, 28 L Ed 2d 842 (1971); *Calhoun v. Bailar,* 626 F2d 145, 149 (9th Cir 1980), *cert den* 452 US 906 (1981).

Carter was a prisoner and plaintiff was her jailer. She is a convicted felon. Her statement was unsworn. Other than her uncorroborated statement, no evidence was presented on the fact in issue, *i.e.,* whether there had been sexual contact. Plaintiff categorically denied Carter's accusation. Her credibility was the central issue in the case. Despite the fact that Carter was on felony probation, Sheriff Edwards insisted that he was unable secure her return to Oregon for the hearing. Plaintiff had no affirmative duty to produce Carter as a witness at the hearing, even assuming that he could have done so, because the burden of proof was on the sheriff.

We conclude that the proffered evidence did not comport with the standard recognized in ORS 183.450(1). We hold that in a matter of this kind a reasonably prudent person

---

[2] One board member stated that he had disregarded the polygraph evidence in deciding to support dismissal.

would not rely on the unsworn and uncorroborated statement of a convicted felon. Therefore, it was error to receive evidence of Carter's statement.

■  We also hold that, under ORS 183.450(1), it is error to admit polygraph evidence over the objection of a party. *See In re Herbert D. Black,* 251 Or 177, 186, 444 P2d 929 (1968); *see also State v. Middleton,* 295 Or 485, 668 P2d 371 (1983); *State v. Green,* 271 Or 153, 531 P2d 245 (1975); *State v. Kerstig,* 50 Or App 461, 623 P2d 1095 (1981).

■  We find no merit in plaintiff's contention that his right to due process was violated by the composition of the review panel. *See Van Gordon v. Oregon State Bd. of Dental Exam.,* 34 Or App 607, 579 P2d 306, *rev den* 284 Or 235, *cert den* 441 US 907 (1979); *Fritz v. OSP,* 30 Or App 1117, 569 P2d 654 (1977).

Reversed and remanded for further proceedings.