Argued and submitted December 5, 1984, reversed and remanded February 27, 1985

CANDILIERE,
*Petitioner,*

*v.*

ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(5-1401-MXW691-1; CA A30146)

696 P2d 545

Amy Veranth, Portland, argued the cause and filed the briefs for petitioner.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Petitioner appeals the termination of her general assistance (GA) grant by the Adult and Family Services Division. Pursuant to ORS 411.730, AFSD has promulgated rules specifying that an individual must be "unemployable" in order to be eligible for GA benefits. OAR 461-05-305. At the time of the final decision, OAR 461-05-311 defined unemployability:

> "A person is considered unemployable when a short-term diagnosed physical or mental incapacity as certified by a licensed medical professional specified in Rule 461-05-315 prevents the person from engaging in any type of gainful employment. The condition must be expected to last for a period of 60 days or more from the date of request:
>
> "* * * * *
>
> "(2) A person will not be considered unemployable if there is any work the person can do which will not jeopardize his or her physical or mental condition, regardless of whether work is available and regardless of location. Social factors such as training, education, and place of residence will not be considered."

The record is clear that petitioner is not unemployable due solely to her physical condition. She contends that her psychological condition, taken together with her physical condition, renders her unemployable.

The burden is on petitioner to establish her continued eligibility. On May 2, 1983, the Medical Review Team (MRT) recommended that petitioner's grant be terminated, based solely on its evaluation of her physical condition. It did not consider the report of Dr. Pidgeon dated August 12, 1980, indicating that petitioner was disabled for at least 60 days, or an October 18, 1982, report from Dr. Maletzky, which concluded that petitioner should return to work as soon as possible.

A hearing was held on MRT's recommendation on July 27, 1983. At petitioner's request, the hearing was held open so that she could obtain another psychological evaluation from Dr. Pidgeon. His report, dated August 8, 1983, concluded, after describing her psychological condition in some detail, that it rendered her unemployable for at least 60 days. On further examination, Dr. Pidgeon stated that, at the

time of his examination, petitioner was, from a psychological standpoint, probably in the same condition she was in in May, 1983, when MRT recommended termination of her GA grant. He could not say that she was unemployable in May, because he had not seen her then.

From its final order dated September 13, 1983, it is clear that, in terminating petitioner's grant, AFSD relied on the conclusion of an MRT psychological consultant. The order relates that MRT concluded:

> "* * * [T]he material submitted by Dr. Pidgeon was not sufficient to warrant a mentally .disabled decision * * * of unemployability. [MRT] concluded that although she needed counseling and medication, that could be given while she was working."

■ In *Kuykendall v. AFSD,* 70 Or App 526, 690 P2d 517 (1984), we reversed a denial of a GA grant, because AFSD had relied on a MRT evaluation that claimant could do some work, contrary to a medical opinion that she was unemployable. The ground for reversal was:

> "* * * There is nothing to show what special training, if any, the MRT members have had that qualifies them to make the decisions they make. It is therefore questionable whether the MRT report is 'of a type commonly relied upon by reasonably prudent persons in conduct of their serious affairs' and thus admissible under ORS 183.450(1). *See Higley v. Edwards,* 67 Or App 488, 678 P2d 755 (1984). * * *" 70 Or App at 530 n 2.

Whether the consultant in this case is a psychiatrist, a medical doctor, a clinical psychologist or has no training at all does not appear in the record. The cursory MRT report is purely conclusory and gives no explanation why Dr. Pidgeon's report was inadequate and not accepted.

■ After a petition for judicial review was filed, AFSD reconsidered its order and adopted its earlier findings. The reasoning in the order on reconsideration adds nothing to our information about the qualifications of MRT to conclude that petitioner was not unemployable at the time of Dr. Pidgeon's examination. It does add a touch of sophistry to the case. The order contains the following comment about Dr. Pidgeon's report:

> "* * * Even assuming that Dr. Pidgeon's evaluation was

sufficient to determine unemployability in August, * * * Dr. Pidgeon apparently was of the belief that her condition would have been the same at the time of her denial in May, he was not willing to give his professional opinion that she was unemployable at that time."

We find it difficult to see how the doctor's refusal to speculate on the ultimate fact of unemployability at a time when he had not seen petitioner negates his clear opinion that she was unemployable at the time that he did examine her.

Reversed and remanded for reconsideration.