Argued and submitted December 22, 1986, reversed and remanded for reconsideration
October 21, 1987

TRI-MET,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(86-AB-572; CA A40052)

744 P2d 296

Richard C. Busse, Portland, argued the cause for petitioner. With him on the brief was Donald B. Potter, Portland.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Dorothy M. Perkins.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Employer seeks review of an EAB order affirming a referee's decision allowing unemployment compensation benefits to claimant.[1] Employer contends that EAB erred in holding that claimant had not been discharged for misconduct. ORS 657.176. We reverse and remand.

Claimant worked as a bus driver from March, 1980, until January, 1986, when she was terminated for insubordination to supervisory personnel and for using profanity and physically abusing passengers. From the time that she began work through March, 1985, claimant received 15 customer complaints for actions involving rude, profane and reckless behavior and was, on several occasions, insubordinate toward her supervisors. In 1982, claimant assaulted a passenger. On September 14, 1985, when a supervisor questioned her regarding a layover, she yelled at him and proceeded to pull the bus away, forcing him to back away toward traffic. While her termination proceeding was pending, she was suspended for verbally abusing and physically assaulting a passenger.

ORS 657.176(2)(a) provides that a person who has been terminated for "misconduct connected with work" is disqualified from unemployment compensation benefits. "Misconduct" is defined by administrative rule as

"a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interests * * * is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experiences are not misconduct for the purposes of denying benefits under ORS 657.176." OAR 471-30-038(1).

The referee found that claimant had engaged in the verbal dispute which resulted in the supervisor being forced into traffic and that, in a separate incident, she had been suspended for abusing a passenger. However, the referee went

---

[1] The Board's decision was not unanimous. One member dissented, concluding that the evidence was sufficient to establish wilful misconduct. A second member concurred with the referee's decision, because of employer's failure to produce first-hand witnesses.

on to conclude that employer did not prove that claimant was terminated for misconduct, because its evidence consisted almost exclusively of documentary and hearsay evidence, which was not sufficient to support a finding of misconduct if credibly refuted by claimant.

■ The referee's understanding of the use of hearsay evidence in an administrative hearing was not correct. A party may prove a case by hearsay evidence, even if the other party presents direct evidence. ORS 183.450(1); *Higley v. Edwards,* 67 Or App 488, 678 P2d 775 (1984). The referee must assess all the evidence, both hearsay and non-hearsay, and then clearly state which evidence is found to be persuasive and credible.

■ It is not clear what the referee determined as to the persuasiveness of the evidence and the credibility of claimant. The referee states that claimant credibly refuted all of employer's allegations but, reading the order as a whole, we conclude that the referee found claimant's evidence persuasive only because he believed that hearsay evidence could not be used to refute claimant's testimony. Further, the statement that claimant credibly refuted all of the allegations is inconsistent with the finding that the abusive behavior did occur.[2]

Reversed and remanded for reconsideration.

---

[2] Employer also argues that the finding of fact that she denied the allegations against her is not supported by substantial evidence. We agree. Several of the exhibits received at the hearing include claimant's admission of insubordination toward supervisors. Additionally, at the hearing, claimant admitted to the use of profanity in several instances.