Argued and submitted March 26, reversed and remanded August 20, 1986

THOMAS,
*Petitioner,*

*v.*

CASCADE UNION HIGH SCHOOL
DISTRICT NO. 5,
*Respondent.*

(FDAB 84-7; CA A35506)

724 P2d 330

Barbara Diamond, Portland, argued the cause for petitioner. On the brief were Liana Colombo and Kulongoski, Durham, Drummonds & Colombo, Portland.

William G. Paulus, Salem, argued the cause for respondent. With him on the brief was Paulus, Rhoten, Brand, Lien and McDonough, Salem.

Before Buttler, Presiding Judge, and Warren and Van Hoomissen, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner seeks review of an order of the Fair Dismissal Appeals Board (FDAB). She was a permanent teacher, ORS 342.315(5), and was dismissed by the Board of Cascade Union High School District No. 5 on grounds of inefficiency, neglect of duty, inadequate performance and gross neglect of duty. She appealed to FDAB pursuant to ORS 342.905(1) and, after a hearing, FDAB affirmed the dismissal solely on the ground of neglect of duty. FDAB found that *some* of the facts found and relied on by the district were unsubstantiated and held that the grounds of inefficiency, inadequate performance and gross neglect of duty were unsupported by the facts found to be true. She seeks judicial review.

Petitioner has been a junior high school physical education teacher for 12 years, seven with respondent. While participating in a dodgeball game with her students, she was hit with a ball thrown from behind. She reacted in anger, admittedly lost her self-control, grabbed the offending student and kicked her twice in the thigh. The kicks left substantial bruises. After the class ended and the students and petitioner had retired to the locker room, there was a verbal exchange, the nature of which is in dispute, between petitioner and the student involved.

Ultimately, the matter was brought before the school board by the student's parents, as a result of which the board directed the district superintendent to investigate the matter. After investigation, the superintendent recommended dismissal. The district accepted that recommendation on June 28, 1984.

FDAB held its hearing in December, 1984. It found that some of the allegations in the superintendent's recommendation were unsubstantiated. For example, FDAB determined that petitioner did not chase the student across the gym before kicking her or push the student afterwards. It also found that petitioner did not engage in a shouting match with the student in the locker room following the incident. FDAB concluded, in relevant part:

> "The panel, accordingly, does not agree that [petitioner's] conduct in the locker room constituted 'verbal harassment' or that the kicking incident was 'aggravated' by the locker room conduct of [petitioner].

"In short, fault of [petitioner] was not proven under the locker room charges and cause for dismissal must rest on the kicking incident alone."

FDAB went on to hold that the kicking incident did not support the statutory grounds for dismissal charged against petitioner, other than neglect of duty. It stated:

"It is the conclusion of the panel that the kicking incident in and of itself shows sufficient neglect of [petitioner's] duty to constitute cause for dismissal for 'neglect of duty' as that term is used in subsection (1)(d) of ORS 342.865."

Petitioner assigns three errors on appeal: (1) FDAB's interpretation of the statutory term "neglect of duty" is erroneous as a matter of law; (2) FDAB's conclusion that petitioner's dismissal was not arbitrary, unreasonable or excessive (pursuant to ORS 342.905(5)) was incorrect; and (3) FDAB erred in not remanding the case to the district for reconsideration of the sanction in the light of FDAB's conclusion that some of the facts on which the district relied were unsubstantiated.

ORS 342.865 lists nine statutory grounds, including neglect of duty, for which a permanent teacher may be dismissed. FDAB has the primary interpretive responsibility for those grounds for dismissal. *Ross v. Springfield School Dist. No. 19 (Ross I),* 294 Or 357, 657 P2d 188 (1982). It may carry out its responsibility either through interpretive rulemaking or through reasoned interpretations expressed in contested case orders. *Ross v. Springfield School Dist. No. 19 (Ross II),* 300 Or 507, 518, 716 P2d 724 (1986). If FDAB chooses to interpret the statutory grounds for dismissal through contested case orders,

"it needs to find a way to assure that different panels follow the criteria so developed or give adequate reasons for departing from an earlier interpretation." *Ross II,* 300 Or at 518.

While requiring FDAB to "find a way" to assure consistent interpretations by its *ad hoc* panels, *Ross II* offers little guidance other than to suggest that for difficult cases the entire 20-member panel sit *in banc.* Petitioner argues that the three-member panel that heard her case improperly diverged from an earlier panel's definition of "neglect of duty."

In *Bethel School Dist. No. 52 v. Skeen,* 63 Or App 165,

663 P2d 781, *rev den* 295 Or 617 (1983), we reviewed FDAB's reversal of a dismissal for inefficiency, inadequate performance and *neglect of duty.* In that case, FDAB concluded that

> "the three minor incidents with students * * * do not establish a pattern of misconduct, but rather were unrelated random incidents, and therefore do not furnish a reasonable basis for dismissal."

Petitioner argues that, because the misconduct in *Skeen,* which involved some minor physical abuse of a student, was not considered neglect of duty, neither can her allegedly similar acts. However, the cases are factually distinguishable. Further, under *Ross II,* simply comparing facts between cases is not development of criteria which can be consistently followed. *Skeen* does not offer a useful definition of neglect of duty. In that case, FDAB only concluded that the facts found as true did not support the several grounds for dismissal charged. In the case at bar and, in accord with *Ross II,* FDAB has attempted to define neglect of duty in its order, as follows:

> "The term 'neglect,' as we read the statute, refers to a failure on the part of the teacher to engage in conduct designed to result in proper performance of duty. Neglect of duty, as used in the statute, could occur through repeated failures to perform duties of relatively minor importance, on the one hand, or could occur through a single instance of failure to perform a critical duty, on the other hand."

As we understand *Ross II,* that definition is now the applicable one for determining neglect of duty that all FDAB panels are to apply, unless "adequate reasons" for departing from it are given. *Ross II,* 300 Or at 519.

■ Having defined neglect of duty, FDAB is required to decide whether the facts relied on by the district, in the light of all of the circumstances and additional facts developed at the hearing,[1] are adequate to justify the statutory grounds cited. ORS 342.905(5). FDAB stated in its order:

> "We believe the duty to refrain from physical abuse of a student is a very critical duty.
>
> "* * * * *
>
> "A single breach of such a critical duty, especially where the

---

[1] Petitioner had a previously unblemished performance and professional behavior record.

conduct of the teacher is designed to violate that duty, is in our opinion sufficient to show neglect of duty under the statute."

FDAB went on to note that dismissal was not the only alternative available to the district. However, given the serious nature of the incident and FDAB's conclusion that "[p]hysical education instructors, especially, must possess an exceptional ability to control their emotions; they must through their conduct constantly exemplify good sportsmanship," FDAB did not find the dismissal unreasonable, arbitrary or clearly an excessive remedy.[2] ORS 342.905(5). Appropriately, FDAB did not substitute its judgment for that of the district. *Ross I,* 294 Or at 364.

■        Unfortunately, FDAB did not show such restraint with respect to its review of the sanction imposed. Although it found that the charged neglect of duty was supported by some of the facts relied on by the district, it also found that many of the facts were unsubstantiated and that three of the four statutory grounds for dismissal were not proven. Even though neglect of duty alone may support a dismissal, it is up to the district, in the first instance, not FDAB, to decide whether dismissal is the appropriate sanction. Authority to dismiss a permanent teacher is vested solely in the district, subject to the statutory fair dismissal scheme, and then only after a recommendation of dismissal from the superintendent to the board. ORS 342.895(1).

Under ORS 342.905(5), FDAB must affirm "if it finds the facts relied upon are true and substantiated * * *." It follows that there must be some consequence if all or part of those facts are not proven. Here, FDAB found that many of the facts on which the district had relied were unsubstantiated and that several grounds for dismissal were unproven. We cannot say that the district would have dismissed petitioner on the basis of the more limited facts that were found to be true. It is clear from the record that the two incidents, the kicking and the subsequent locker room confrontation, were considered together, with the latter aggravating the seriousness of the kicking. Accordingly, we remand the case to

---

[2] Further, we are not convinced that petitioner's dismissal is, as alleged by petitioner, arbitrary when compared with past practices of the school district.

FDAB for remand to the district for further consideration of the sanction imposed.

Reversed and remanded to FDAB with instructions to remand to the district for reconsideration of the sanction.