Argued and submitted October 31, 1988, affirmed October 11, 1989

THOMAS,
*Petitioner,*

*v.*

CASCADE UNION HIGH SCHOOL
DISTRICT NO. 5,
*Respondent.*

(FDAB 84-7; CA A46555)

780 P2d 780

Barbara J. Diamond, Portland, argued the cause for petitioner. With her on the brief was Durham, Drummonds, Colombo & Smith, Portland.

William G. Paulus, Salem, argued the cause for respondent Cascade Union High School District No. 5. With him on the

brief was Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem.

Jerome Lidz, Assistant Attorney General, Salem, waived appearance for Fair Dismissal Appeals Board.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

This case is before us for the second time. In *Thomas v. Cascade Union High Sch. Dist. No. 5 (Thomas I)*, 80 Or App 736, 724 P2d 330 (1986), we reversed an order of the Fair Dismissal Appeals Board (FDAB) that affirmed respondent school district's dismissal of petitioner for neglect of duty. Petitioner now seeks review of a subsequent FDAB order denying her second appeal, which sought reversal of the district's second order of dismissal, as well as reinstatement and back pay.

The district school board originally dismissed petitioner on the grounds of inefficiency, neglect of duty, inadequate performance and gross neglect of duty, arising out of an incident in which she kicked a student. Petitioner appealed to FDAB, which found that several material allegations of misconduct contained in the superintendent's recommendation for dismissal were unsubstantiated but that the allegations that were substantiated constituted neglect of duty and by themselves could support a decision by the school board to dismiss. On review, we held that, because FDAB had rejected some of the allegations upon which the school board had based its original decision to dismiss, FDAB was required to remand to the district for reconsideration of the sanction imposed. On remand from FDAB, the school board voted to retain the sanction of dismissal, and FDAB again affirmed. Petitioner seeks judicial review.

■ Petitioner first argues that FDAB erred in denying her request for reinstatement and back pay from the date of the original dismissal until the date of the dismissal on remand.[1] She argues that, under the Fair Dismissal Law, FDAB's finding that some of the allegations contained in the superintendent's recommendation were unsubstantiated obligated FDAB to reinstate her and to award back pay. We disagree. At the time of petitioner's dismissal, *former* ORS 342.905(6)(a) provided, in pertinent part:

"[I]f [FDAB] finds that the facts relied on to support the

---

[1] The district argues that petitioner is precluded from raising this assignment of error, because the issue was addressed by FDAB in its "Order on Remand," from which petitioner did not seek judicial review. We note, however, that FDAB addressed the issue again in its "Order on Appeal After Remand." Petitioner seeks review of that order.

recommendation of the district superintendent are untrue or unsubstantiated, or if true and substantiated, are not adequate to justify the statutory grounds cited as reason for the dismissal, and so notifies the permanent teacher, the district superintendent, the district school board and the Superintendent of Public Instruction, the teacher shall be reinstated and the teacher shall receive the salary for the period between the effective date of the dismissal and the date of the order reinstating the teacher."

Although FDAB found that *some* of the facts relied on by the district superintendent in his original recommendation were untrue or unsubstantiated, it nevertheless found that the substantiated facts justified dismissal. In *Thomas I,* we did not vacate the original dismissal but held that, in view of FDAB's findings, the case should be remanded to the school board for reconsideration of the sanction. We agreed with FDAB that the substantiated facts could, as a matter of law, provide a valid basis for dismissal. We hold that a remand for reconsideration under these circumstances does not come within the reinstatement with back pay terms of ORS 342.905(6)(a).

■ Petitioner also argues that FDAB erred in upholding the second dismissal, because she was not given formal notice that dismissal would be sought on reconsideration nor was the school board given a formal recommendation by the superintendent setting forth the facts and statutory grounds relied upon by the superintendent in making his recommendation.

ORS 342.895 provides, in pertinent part:

"(1)   Authority to dismiss a permanent teacher is vested in the district school board * * * only after recommendation of the dismissal is given to the district school board by the superintendent.

"(2)   At least 20 days before recommending to a board the dismissal of the permanent teacher, the district superintendent shall give written notice to the permanent teacher by certified mail or delivered in person of the intention to make a recommendation to dismiss the teacher. The notice shall set forth the statutory grounds upon which the superintendent believes such dismissal is justified, and shall contain a plain and concise statement of the facts relied on to support the

statutory grounds for dismissal. If the statutory grounds specified are [inefficiency, insubordination, neglect of duty, inadequate performance, or failure to comply with reasonable board requirements], then evidence shall be limited to those allegations supported by statements in the personnel file of the teacher on the date of the notice to recommend dismissal * * *. Notice shall also be sent to the district school board and to the Fair Dismissal Appeals Board."

ORS 342.895(1) requires that the district superintendent recommend dismissal before the school board has the authority to dismiss a permanent teacher. The superintendent did recommend dismissal in this case, thereby giving the board the authority to act. Although the original dismissal was remanded for limited reconsideration, it was not vacated. The school board proceeding was a continuation of the dismissal proceeding begun by the superintendent's initial recommendation. Nothing that occurred deprived the school board of its authority to act in this proceeding, and the 20-day notice requirement of ORS 342.895(2) is not applicable.[2]

Affirmed.

---

[2] Petitioner's remaining assignments of error are without merit.